

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/18

**JACOB ARONAUER, ESQ.**
Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

October 19, 2018

**Via email and ECF**
Hon. Richard Sullivan, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Bardales v. Consulate General of Peru in New York et al.
      17-cv-08897 (RJS)

Dear Judge Sullivan:

This office represents Mr. Juan Carlos Bardales ("Plaintiff") in the above captioned matter. Plaintiff does not oppose Mr. Goldberg's request to withdraw as counsel. However, we oppose, in part, Mr. Goldberg's request that this case be stayed for 30 days. We believe that the Court should rule on Plaintiff's application to serve the Consulate of Peru in accordance with Section 1608(a)(3) (dkt 70). This request was made prior to Mr. Goldberg's application. After the Court rules on Plaintiff's application, Plaintiff would not oppose the case being stayed until November 1, 2018. This is contingent, though, upon proof that Defendants have made a good faith attempt to retain counsel.

The basis for Plaintiff's position is that the Consulate General of Peru seemingly has a history of not working with Plaintiff in good faith to effectuate service.[1] Indeed, the same day Mr. Goldberg made his request, Defendants' response was due with respect to Plaintiff's application to serve the Consulate of Peru under Section 1608(a)(3). While I am sure that Mr. Goldberg's request was made in good faith (and perhaps had to be made because of his client's questionable positions), it should not give Defendants an "out" for a) not adhering to the agreement upon stipulation (dkt 68); and b) not responding to Plaintiff's application (dkt 70). I am further concerned that if Defendants' application is granted, it will lead to further undue extensions that will prevent Plaintiff from completing service.

In addition to Mr. Goldberg's application to be relieved as of counsel, Plaintiff requests at the conference next week that the Court rule on Plaintiff's application to serve the Consulate

---

[1] It was for this reason I insisted on a provision in the stipulation (dkt 68) calling for Plaintiff to be permitted to re-serve the Consulate of Peru in the event that an issue arose. I anticipated further problems and the recent events that have transpired validate my decision to have included this provision.

General of Peru under 1608(a)(3). As previously stated, the prior stipulation agreed to by the parties permits Plaintiff to re-serve the Consulate General of Peru in accordance with applicable law.

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Juan Carlos Bardales*

CC: **Via E-mail (lewgoldberg@aol.com) and ECF**
Mr. Lewis Goldberg, Esq.
*Attorney for Defendants*

```
In light of the fact that Plaintiff does not oppose Mr. Golberg's request to withdraw
as counsel, IT IS HEREBY ORDERED THAT the law firm of Goldberg and Weinberger LLP is
relieved as counsel for Defendants, and the conference scheduled for Tuesday, October
23, 2018 is adjourned sine die. However, Defendants' request to stay this matter for
30 days is DENIED.  IT IS FURTHER ORDERED THAT Plaintiff shall serve Defendants "in
accordance with applicable law" pursuant to paragraph two of the parties' September
12, 2018 stipulation.  (Doc. No. 68.)  The Clerk of Court is respectfully requested to
terminate the motion pending at docket number 72.
```

SO ORDERED
Dated: 10/19/18

RICHARD J. SULLIVAN
U.S.D.J.