**64**

# LIONBRIDGE

STATE OF NEW YORK )
)
)
COUNTY OF NEW YORK ) ss

### CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English of the attached document with Bates Nos. PERU0000287–PERU0000288.

_____
Lynda Green, Senior Managing Editor
Lionbridge

Sworn to and subscribed before me

this __8__ day of __JANUARY__, 20 __20__.

_____

JEFFREY AARON CURETON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CU6169789
Qualified in New York County
My Commission Expires 09-23-2023

[logo:] Consulate General of Peru
New York

## WORK CONTRACT

Be recorded by the present Work Contract, which is entered into, by the party of the first part, the **CONSULATE GENERAL OF PERU IN NEW YORK,** represented by the Ambassador in the Diplomatic Service of Peru, Mrs. **MARIA TERESA MERINO DE HART,** identified with ID No. 06479901, **Consul General of Peru in New York,** domiciled at 241 East 49th Street, New York, NY 10017, United States of America, hereinafter referred to and in this Work Contract as **"THE EMPLOYER"** and the party of the second part, Mr. **JUAN CARLOS BARDALES SINACAY,** who hereinafter shall be referred to as **"THE EMPLOYEE,"** identified with ID No. 05279287 and domiciled at 125 Fifth Ave. Apt. 10D, Pelham, NY, 10803, under the following terms and conditions:

*First*.- The purpose of this document is to hire **THE EMPLOYEE** to provide services as an administrative employee in the offices of the Consulate General of Peru in New York, mainly as a driver of the official vehicle and logistical support.

*Second*. - **THE EMPLOYEE** shall receive as compensation the amount of **US$2,920.00** (two thousand nine hundred twenty and 00/100 US dollars), per month.

**THE EMPLOYER** shall pay **the EMPLOYEE'S** medical insurance premium amounting to **US$508.98** (five hundred eight and 98/100 US dollars) with the company **AETNA.**

*Third*.- The work schedule will be from Monday to Friday from 9.00 a.m. to 5.00 p.m.; and the consular Saturday from 9.00 a.m. to 1.00 p.m. The consular Saturday will be compensated with an additional payment of US$ 70.00 (seventy and 00/100 US dollars). Likewise, when his services are required to carry out mobile consular services done on non-working days, **THE EMPLOYEE** will receive an additional payment of US$ (one hundred and 00/100 US dollars). If his services are required by **THE EMPLOYER** to support activities designated by the Consulate on non-working days or outside of regular hours on working days, in that case **THE EMPLOYEE** will be duly compensated.

*Fourth*. - **THE EMPLOYEE** is committed to provide his services with loyalty, honesty, diligence and reserve, breach of this commitment is considered as serious misconduct. **THE EMPLOYEE** has and assumes the obligation to keep confidential all the information to which he has access in the Consulate and that referred to the RENIEC database.

*Fifth*. - This contract shall take effect from ==the first of January and end on the thirty-first of December of the year two thousand fifteen==.

*Sixth*. - The **EMPLOYEE is** the only responsible party to the pertinent local legislation, when applicable, for payment of contributions relating to social benefits and taxes.

*Seventh*. - The **EMPLOYEE** shall be entitled to 30 days' vacation for an effective and continuous work year. This vacation should be taken during the work year, under a coordinated modality that guarantees its use within the calendar year but that in turn preserves the expectation of **THE EMPLOYER** regarding the tasks that **THE EMPLOYEE** should carry out.

241 East 49th Street, New York NY 10017 | Tel.: (646) 735-3901 | Fax: (646) 735-3866

*Eighth*. - **The EMPLOYEE** may make use of up to **ONE** day of leave for duly justified reasons. This day will be deducted from his vacation period. If the **EMPLOYEE** requires more days, he must request vacation which may be weekly (7 continuous days), biweekly (15 continuous days) or monthly (30 continuous days).

*Ninth*. - **THE EMPLOYEE** shall have the right to medical leave, which may not be more than fifteen continuous or fractional days during the term of this contract. If this period is exceeded, the excess will be deducted from his vacation, or discounted from his remuneration. The medical rest must be accredited with the corresponding document issued by the doctor or the pertinent entity.

*Tenth*. - This contract may be terminated at any time by either of the parties by means of fifteen-day written notice, or by mutual agreement.

In case of inadequate performance or serious misconduct, **THE EMPLOYER** may terminate the contract immediately, and must pay **THE EMPLOYEE** for the days actually worked and the benefits accrued. Serious misconduct will be considered: **a)** systematic and unjustified absences and / or lateness to work, **b)** lack of respect for the head of Mission and diplomatic and / or administrative staff of the Consulate, **c)** unauthorized release of sensitive information, **d)** Unjustified abandonment of work, **e)** Faults against morality and good manners, **f)** Theft, robbery, assault or any other crime, **g)** Lying, **h)** Threat or use of violence, **I)** The deliberate failure to follow specific instructions, **j)** Acceptance of money or objects of value from the public in relation to consular procedures, **k)** What is established in the fourth clause of this contract.

*Eleventh*. - Both contracting parties declare that they have acted freely in the execution of this contract.

In witness whereof, this Contract is signed on the first day of January of the year two thousand and fifteen.

        [signature]                                              [signature]
**MARIA TERESA MERINO DE HART**    **JUAN CARLOS BARDALES SINACAY**
       **THE EMPLOYER**                             **THE EMPLOYEE**

[signature]
**JOSE CARLOS CHAVARRI PLETMINTSEVA**
**FUNDS MANAGER**



**Consulado General del Perú
Nueva York**

## CONTRATO DE TRABAJO

Conste por el presente Contrato de Trabajo, que celebran de una parte el **CONSULADO GENERAL DEL PERU EN NUEVA YORK**, representado por La Embajadora en el Servicio Diplomático del Perú, doña **MARIA TERESA MERINO DE HART**, identificada con DNI N° 06479901, **Cónsul General del Perú en Nueva York**, con domicilio en 241 East 49th Street, Nueva York, NY 10017, Estados Unidos de América, denominada en adelante y en el presente Contrato de Trabajo "**LA EMPLEADORA**" y de la otra parte Don **JUAN CARLOS BARDALES SINACAY**, a quien en adelante se denominará "**EL EMPLEADO**", identificado con D.N.I. N° 05279287 y domiciliado en 125 Fifth Ave. Apt. 10D, Pelham, NY 10803, en los términos y condiciones siguientes:

*Primero.-* El presente documento tiene por objeto contratar al **EMPLEADO** para prestar servicios como empleado administrativo en las oficinas del Consulado General del Perú en Nueva York, fundamentalmente como chofer del vehículo oficial y apoyo logístico.

*Segundo.-* **EL EMPLEADO** percibirá como remuneración la suma de **US$ 2,920.00** (dos mil novecientos veinte y 00/100 dólares americanos), al mes.

**LA EMPLEADORA** sufragará la prima del seguro médico **del EMPLEADO** que asciende a la suma de US$ 508.98 (quinientos ocho y 98/100 dólares americanos) con la empresa AETNA.

*Tercero.-* El horario de trabajo será de lunes a viernes de 9.00 a.m. a las 5.00 p.m.; y el sábado consular de 9.00 a.m. a 1.00 p.m. El sábado consular será compensado con un pago adicional de US$ 70.00 (setenta y 00/100 dólares americanos). Asimismo, cuando sean requeridos sus servicios para la realización de jornadas de servicio consular itinerantes realizados en días no laborables **EL EMPLEADO** recibirá un pago adicional de US$ 100.00 (cien y 00/100 dólares americanos). De igual manera, cuando sus servicios sean requeridos por **LA EMPLEADORA** para apoyar actividades designadas por el Consulado realizadas en días no laborables o fuera del horario ordinario de trabajo en días laborables, en ese caso **EL EMPLEADO** será debidamente compensado.

*Cuarto.-* **EL EMPLEADO** se compromete a prestar sus servicios con lealtad, honestidad, diligencia y reserva, siendo considerado como falta grave el incumplimiento de este compromiso. **EL EMPLEADO** tiene y asume la obligación de guardar la confidencialidad de toda la información a la que tenga acceso en el Consulado y aquella referida a la base de datos del RENIEC.

*Quinto.-* El presente contrato comenzará a regir a partir del **primero de enero** y terminará el **treinta y uno de diciembre del año dos mil quince**.

*Sexto.-* Siendo **EL EMPLEADO** el único responsable ante la legislación local pertinente, cuando ésta sea aplicable, de la amortización de contribuciones referidas a beneficios sociales e impuestos.

*Séptimo.-* **EL EMPLEADO** tendrá derecho a 30 días de vacaciones por un año efectivo y continuo de trabajo. El goce de las mismas deberá verificarse durante el año de trabajo, bajo una modalidad coordinada que garantice su uso dentro del año calendario pero que a su vez preserve la expectativa de **LA EMPLEADORA** respecto de las labores que deba desarrollar **EL EMPLEADO**.

*Octavo.-* **EL EMPLEADO** podrá hacer uso de hasta **UN** día de permiso por razones debidamente justificadas, día que será deducido de su periodo vacacional. Si **EL EMPLEADO** requiere de más días, deberá solicitar vacaciones las que podrán ser semanales (7 días continuos), quincenales (15 días continuos) o mensuales (30 días continuos).

*Noveno.-* **EL EMPLEADO** tendrá derecho al descanso médico, el cual no podrá ser mayor a quince días continuos o fraccionados durante la vigencia del presente contrato. En caso supere este plazo, el exceso será deducido de sus vacaciones, o en su defecto descontado de su remuneración. El descanso médico deberá acreditarse con el documento correspondiente que emite el médico o la entidad pertinente.

*Décimo.-* El presente contrato podrá ser terminado en cualquier momento por cualquiera de las partes mediante un preaviso escrito de quince días, o por mutuo acuerdo.

En caso de insuficiencia laboral o la comisión de falta grave, **LA EMPLEADORA** podrá dar por terminado el contrato de manera inmediata, debiendo abonarse al **EMPLEADO** por los días efectivamente laborados y los beneficios acumulados. Se considerará falta grave: **a)** la inasistencias y/o tardanzas sistemáticas e injustificadas al trabajo, **b)** la falta de respeto al jefe de Misión y al personal diplomático y/o administrativo del Consulado, **c)** La infidencia, **d)** El abandono injustificado del trabajo, **e)** Las faltas contra la moral y las buenas costumbres, **f)** El hurto, robo, asalto o cualquier otro delito, **g)** La mentira, **h)** La amenaza o el uso de la violencia, **i)** El incumplimiento deliberado de instrucciones específicas, **j)** Recibir del publico dinero u objetos de valor para favorecerlos con relación a los trámites consulares, **k)** Lo establecido en la cláusula cuarta del presente contrato.

*Décimo Primero.-* Ambas partes contratantes declaran que en la celebración del presente contrato han actuado libremente.

En fe de lo cual se firma este Contrato el día primero de enero del año dos mil quince.

_____
MARIA TERESA MERINO DE HART
LA EMPLEADORA

_____
JUAN CARLOS BARDALES SINACAY
EL EMPLEADO

_____
JOSE CARLOS CHAVARRI PLETMINTSEVA
ADMINISTRADOR DE FONDOS

CONFIDENTIAL                                              PERU0000288