IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CARLOS BARDALES,<br><br>            Plaintiff,<br><br>            v.<br><br>CONSULATE GENERAL OF PERU IN NEW YORK and MARIA TERESA MERINO VILLARAN DE HART, individually,<br><br>            Defendants. | Civil Action No.: 1:17-cv-08897 (ALC) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Defendants the Consulate General of Peru in New York ("Peru" or "Consulate") and Ambassador Maria Teresa Villaran Merino de Hart ("Amb. Merino") filed their Motion to Dismiss the Second Amended Complaint on January 10, 2020. On February 18, 2020, Plaintiff Juan Carlos Bardales ("Mr. Bardales" or "Plaintiff") filed his Memorandum of Law in Opposition to the Motion to Dismiss. *See* ECF No. 163. Four days later, Mr. Bardales sought "leave to re-file his opposition brief," which he claimed had been updated "to include a table of authorities." ECF No. 165. When Plaintiff's counsel sought Defendants' consent, he represented that "no other changes will be made." ECF No. 172-1. Plaintiff made the same representation to the Court when he sought leave to re-file. *See* ECF No. 165 (stating that "[n]o other changes were made"). The Court subsequently granted Plaintiff's request. ECF No. 167.

Relying on Plaintiff's representation that he had made no substantive changes to his Opposition, Defendants prepared their Reply with reference to the text of ECF No. 163. On the

- 1 -

eve of filing the Reply, however, Defendants discovered that Plaintiff had in fact made other, substantive changes in his revised Opposition. Defendants brought this to the Court's attention, *see* ECF No. 172, which, on June 4, 2020, invited Defendants to file this Supplemental Reply in support of their Motion to Dismiss to address "new issues raised in Plaintiff's most recently filed opposition brief."

## ARGUMENT

In the initial Memorandum of Law and again in the Reply, Defendant Peru showed why it is entitled to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq*. ECF Nos. 156 & 169. The Consulate's employment of Mr. Bardales as its official chauffeur and a constituent service representative was sufficiently intertwined with its governmental function to render the FSIA's commercial activity exception inapplicable. Nothing in either version of Plaintiff's Opposition changes that conclusion. If anything, two revealing changes that Mr. Bardales made from the first version to the second only serve to underscore the fact that his employment was part of the Consulate's governmental function.

*First*, Plaintiff's original Opposition contained the acknowledgement that he "did perform governmental activities on behalf of the Consulate." ECF No. 163 at 15.[1] This fatal admission was understandably stricken from the revised brief. Its deletion cannot, however, save the Second Amended Complaint from dismissal. The facts prove it true, whether or not Plaintiff admits it. Indeed, the record is clear that Plaintiff's primary duties as the Consulate's official chauffeur and as a constituent service professional, *see* ECF No. 154 ¶¶ 47, 52-53, were "central

---

[1] Citations to page numbers of documents filed on the CM/ECF system in this case are to the page number of the PDF document printed at the top of each page.

to effecting the core governmental mission of the Consulate." ECF No. 169 at 11. *See* ECF No. 156 at 11-18; ECF No. 169 at 6, 9-13.

The result is that "[P]laintiff's employment relationship was sufficiently intertwined" with the Consulate's governmental mission such that "the employment relationship itself was part of the governmental function." *Hijazi v. Permanent Mission of Saudi Arabia*, 689 F. Supp. 2d 669, 675 (S.D.N.Y. 2010), *aff'd* 403 F. App'x 631 (2d Cir. 2010). *See also id*. at 674 (in applying the commercial activity exception to an employment relationship, courts should analyze "the extent to which the plaintiff's individual duties are themselves either integral or incidental to any governmental function") (citing *Kato v. Ishikara*, 360 F.3d 106, 111-12 (2d Cir. 2004)); *Ayekaba v. Ndong Mba*, No. 1:18-cv-12040 (PGG) (SDA), 2019 U.S. Dist. LEXIS 206145, at *9-*11 (S.D.N.Y. Nov. 25, 2019), *aff'd* 2020 U.S. Dist. LEXIS 40461 (S.D.N.Y. Mar. 6, 2020) (dismissing lawsuit brought by chauffeur for Permanent Mission of Equatorial Guinea to the United Nations for lack of subject-matter jurisdiction because plaintiff's duties were "sufficiently intertwined with the diplomatic function of the Mission") (internal quotation omitted); *Figueroa v. Minster for Foreign Affairs of Swed.*, 222 F. Supp. 3d 304, 313 (S.D.N.Y. 2016) (dismissing lawsuit brought by chauffeur for Permanent Mission of Sweden to the United Nations on same grounds).

*Second*, in his revised Opposition, Plaintiff also tries to distance himself from the governmental nature of his work by expanding on his attempt to explain away the detailed work records that show overwhelmingly that his primary task as chauffeur was the safe transport of Peruvian dignitaries. *See* ECF No. 157, Exs. 16, 26-44; ECF No. 156, Annex A. Unlike his original Opposition, Plaintiff's revised brief claims that the work records do not "reflect times when Bardales would have to drive Merino's personal friends to events—something of which

[*sic*] Bardales was told not to list." ECF No. 165-1 at 20, 21. The assertion that Bardales was told not to list those tasks is just that: a bare assertion entirely unsupported by the record. The Second Amended Complaint contains no such allegation, nor does Plaintiff make any such statement in the declaration he submitted with his Opposition. *See* ECF Nos. 154 & 162.

In fact, this new claim is not only unsupported, it is actually contradicted by Ambassador Merino's sworn testimony, in which she makes clear that the "friends" to whom Plaintiff "refers are members of the Peruvian community who accompanied [her] to official events" she attended "as the representative of the Peruvian government." ECF No. 171 ¶ 12. Contrary to the baseless contention in Plaintiff's revised Opposition, Ambassador Merino "did not ask Bardales to take these individuals to their residences or other locations outside of these official uses." *Id*. In any event, "[a]n embassy's decision to hire a limousine driver to transport embassy officials, their families and guests, and meet its everyday needs does not amount to engaging in 'trade and traffic or commerce,'" i.e., commercial activity. *Crum v. Kingdom of Saudi Arabia*, CA No. 05-275, 2005 U.S. Dist. LEXIS 38483, at *11 (E.D. Va. July 13, 2005) (quoting *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992)).

Plaintiff therefore cannot avoid the conclusion that his job duty as chauffeur was "sufficiently intertwined" with the Consulate's governmental function so as to render his employment governmental in nature. As such, the commercial activity exception does not apply.

## CONLCUSION

For the reasons stated above and in Defendants' initial Memorandum and Reply, the Second Amended Complaint should be dismissed with prejudice.

Dated: June 17, 2020            Respectfully submitted,

**CONSULATE GENERAL OF PERU IN NEW YORK AND MARIA TERESA MERINO VILLARAN DE HART,**

By their attorneys,

/s/ Lawrence H. Martin
Lawrence H. Martin (*pro hac vice*)
Clara E. Brillembourg (*pro hac vice*)
Nicholas M. Renzler (NR1608)
FOLEY HOAG LLP
1717 K Street, NW
Washington, DC 20006-5350
202-223-1200
lmartin@foleyhoag.com
cbrillembourg@foleyhoag.com
nrenzler@foleyhoag.com

Michael L. Rosen (*pro hac vice*)
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
617-832-1000
mrosen@foleyhoag.com

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as unregistered participants on June 17, 2020.

                                    /s/ Lawrence H. Martin
                                    Lawrence H. Martin